UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| GARNER DWIGHT PADGETT, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:21-CV-59-DCLC-CRW |
| TDOC and TDOC COMMISSIONER TONY PARKER, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a prisoner proceeding pro se, has filed a complaint for violation of 42 U.S.C. § 1983 [Doc. 2], and a motion seeking to proceed *in forma pauperis* in this action [Doc. 1]. The Court will address Plaintiff's motion prior to screening the complaint in accordance with the Prison Litigation Reform Act ("PLRA").

**I.     MOTION TO PROCEED *IN FORMA PAUPERIS***

It appears from Plaintiff's motion that he lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, his motion for leave to proceed *in forma pauperis* [Doc. 1] will be **GRANTED**.

Because Plaintiff is an inmate in the Northeast Correctional Complex, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743 as an initial partial payment, the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1) (A) and (B). Thereafter, the custodian of

Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. §§ 1915(b)(2) and 1914(a).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, and to the Attorney General for the State of Tennessee. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution. The Clerk also will be **DIRECTED** to provide a copy to the Court's financial deputy.

## II. SCREENING STANDARD

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim,

2

Case 2:21-cv-00059-DCLC-CRW   Document 4   Filed 03/23/21   Page 2 of 9   PageID #: 227

however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

### III.  ALLEGATIONS OF THE COMPLAINT

Plaintiff's complaint and its attached exhibits span 205 pages [*See, generally*, Doc. 2]. Within these filings, Plaintiff addresses numerous topics, including allegations of infirmities in his criminal trial, a false confession on a fire escape, Mexican drug cartels, the alleged murders of approximately a dozen people at the hands of the Tennessee Bureau of Investigation and Tennessee Department of Correction ("TDOC"), COVID-19 vaccinations, an instance where he once turned himself in drunk on a felony warrant that later disappeared, and his incomplete appeal transcript [*Id.*]. However, despite the fact that Plaintiff's complaint is far from concise or direct, it is relatively clear to the Court that Plaintiff is primarily concerned with two specific issues: the alleged delay of his medication, and the alleged interference with his attempt to secure an economic impact payment ("EIP") [*Id.*].

Decades ago, Plaintiff was diagnosed with Bipolar disorder and depression with psychotic features [*Id.*]. He has been treated with psychotropic medications the entire seventeen years he has been in TDOC custody [*Id*]. He alleges, however, that "Nashville," together with the police, his trial attorney, the prosecution in his criminal case, and the trial judge in his criminal case, deliberately interfered with his access to medications from December 17, 2019 through February

3

8, 2020 in an attempt to "cloud" his mind [*Id*.]. He also alleges that TDOC and its Commissioner, Tony Parker, withheld IRS documents, thereby causing Plaintiff to mail out his 1040 form without his TDOC inmate number [*Id*.]. Plaintiff maintains that Defendants withheld the information to prevent Plaintiff from receiving an EIP [*Id*.]. He further maintains that TDOC and Tony Parker are attempting to circumvent TDOC policy regarding legal mail by requiring inmates to leave all documents to the IRS unsealed when they are turned over to officers [*Id*.]. He asks the Court to award him $7,001,800 in damages [*Id*. at 5].

IV. ANALYSIS

A. Official Defendants are Immune

Plaintiff seeks monetary damages against TDOC and Tony Parker as TDOC Commissioner. A suit against a defendant in his or her official capacity is treated as an action against the governmental entity the officer represents. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"); *see, e.g.*, *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Barber v. City of Salem*, 953 F.2d 232, 237 (6th Cir. 1992). Plaintiff's claims against Tony Parker in his official capacity, therefore, are essentially claims against TDOC. *See Graham*, 473 U.S. at 166; *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978) ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent.").

However, neither a state nor an arm of its government is a "person" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). TDOC is an arm of the State of Tennessee. *See Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006) (holding TDOC is equivalent of the "State" and is not a person within the meaning of § 1983) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989) ("[A] State is not a person within the meaning of § 1983")). Therefore, as an agency of the State, TDOC is entitled to Eleventh

Amendment immunity. *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997); *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988); *see also Lawson v. Shelby Cnty.*, 211 F.3d 331, 335 (6th Cir. 2000) ("[T]he [Eleventh] Amendment prohibits suits against a 'state' in federal court whether for injunctive, declaratory or monetary relief."). Accordingly, Defendants TDOC and Tony Parker will be **DISMISSED**.

   B. **Merits of Claims**

      1. **Medical Care**

Plaintiff contends that he was denied medication to treat his serious psychiatric illnesses between December 17, 2019, and February 8, 2020 [Doc. 2 p. 4]. In considering this claim, the Court notes that the Constitution does not guarantee a prisoner "unqualified access to healthcare." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). However, the denial of constitutionally adequate medical care violates the Eighth Amendment's prohibition against cruel and unusual punishment, which proscribes acts or omissions that produce an "unnecessary and wanton infliction of pain." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). An Eighth Amendment claim for the denial of adequate medical treatment is composed of two parts: (1) an objective component, which requires a plaintiff to show a "sufficiently serious" medical need; and (2) a subjective component, which requires the plaintiff to show the defendants acted with "deliberate indifference" to that need. *Farmer v. Brennan*, 511 U.S. 825, 834, 842 (1994). Negligence is insufficient to establish liability; deliberate indifference requires a mental state amounting to criminal recklessness. *Santiago v. Ringle*, 734 F.3d 585, 591 (6th Cir. 2013) (citing *Farmer*, 511 U.S. at 834, 839-40). Therefore, to establish an official's liability, a prisoner must show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."

5

*Farmer*, 511 U.S. at 837.

The documents submitted by Plaintiff along with his complaint demonstrate that his then-current psychotropic medications were discontinued in December 2019, and new medications were ordered that date [*See, generally* Doc. 2 p. 17]. Plaintiff contends that the medications were "messed up" by "Nashville," and that Plaintiff did not receive his medications as approved until February 8, 2020 [*Id*. at 17-22]. He also concedes, however, that he received thirty doses of the prescribed medications on December 27, 2019, and that a psychiatrist at the facility wrote him a prescription for one of the medications on January 17, 2020 [*Id*. at 17-18]. Plaintiff states that he was advised on February 4, 2020, that his practitioner had discovered that the psychiatrist's prescription "from the streets" created a "glitch" that caused Nashville to discontinue (or fail to approve) his medications [*Id*. at 21-22]. Plaintiff further concedes that he received an inmate pass for a medical appointment for the following day, and that he received his medications as prescribed on February 8, 2020 [*Id*. at 22-23].

The Court finds that Plaintiff's psychiatric illnesses constitute a serious medical need. However, Plaintiff has not alleged that Defendant Parker, individually, had any involvement in any of the decisions that delayed Plaintiff's medications. Accordingly, Plaintiff has failed to state a claim against Defendant Parker in his individual capacity. *See, e.g., Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted); *see also Twombly*, 550 U.S. at 555, 570 (finding allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery do not state a plausible claim for relief).

6

Case 2:21-cv-00059-DCLC-CRW   Document 4   Filed 03/23/21   Page 6 of 9   PageID #: 231

The Court further notes that Plaintiff's submissions demonstrate that prison medical personnel recognized Plaintiff's needs and intervened to provide him with medication until his prescriptions were approved through TDOC's medical provider. Accordingly, the Court finds that the facts as presented do not warrant the substitution of any parties named in the complaint and associated exhibits.

### 2. Grievances and Failure to Follow Policy

Next, Plaintiff complains that his grievances were thrown away or ignored, thereby violating his constitutional rights and TDOC policy [*See, e.g.*, Doc. 2 p. 7-8]. He also contends that requiring inmates to leave IRS mail unsealed violates TDOC policy [*Id.* at 3].

Inmates have no constitutional right to a grievance procedure. *See LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (citing *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996)). Accordingly, any alleged infirmities in handling Plaintiff's grievances fail to raise a viable constitutional issue. Additionally, TDOC policies do not create a protectable liberty interest, and therefore, failing to follow those policies does not raise an issue of constitutional significance. *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687, at *1 (6th Cir. Apr. 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectible liberty interest). Accordingly, these allegations fail to state a claim upon which relief may be granted, and these claims will be **DISMISSED**.[1]

---

[1] The Court notes that a prisoner has a First Amendment right to receive and send mail, subject to reasonable limitations for "legitimate penological objectives." *Sallier v. Brooks*, 343 F.3d 868, 873-74 (6th Cir. 2003). Recognizing the need to balance the prison's needs for security and safety against the prisoner's countervailing legal rights, the prison officials can open "legal mail" and inspect it for contraband in the prisoner's presence, *Wolff v. McDonnell*, 418 U.S. 539, 576-77 (1974), "if such a request" to be present "has been made by the prisoner." *Sallier*, 343 F.3d at 874. Plaintiff does not contend that he requested to be present when his mail was inspected.

7

### 3. Withholding Documents

Plaintiff contends that Defendant Parker withheld or "jumbled around" federal documents (i.e. the sample IRS forms) in order to "beat [him] out of" an EIP of $1,800 [Doc. 2 p. 3]. Specifically, Plaintiff contends that inmates were given an instruction packet on EIPs on October 13, 2020, and that he mailed his form in on October 23, 2020 without his TDOC number on it [*Id*. p. 57]. Later the same day, an updated notice was circulated advising inmates to place their TDOC numbers on the form and/or envelopes [*Id*.].

Plaintiff does not contend that Defendant Parker prevented him from seeking an EIP, nor does he deny that he was provided with instruction forms. Further, he has not cited, and the Court is not aware of, any constitutionally protected right to assistance in filling out tax forms. Moreover, any claim that Defendant Parker maliciously withheld updated instructions on how to properly file for an EIP is wholly conclusory and without any factual support. Accordingly, these allegations fail to state a claim upon which relief may be granted, and this claim will be **DISMISSED**.

### V. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to mail a copy of this memorandum opinion and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, to the Attorney General for the State of Tennessee, and to the Court's financial deputy;

5. Plaintiff has failed to state a claim upon which relief may be granted under § 1983 and has sought relief against immune Defendants and this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

6. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED**.

**ENTER:**

**s**/Clifton L. Corker  
United States District Judge